UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEEGAN G.,

                         Plaintiff,

     v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                         Defendant.

CASE NO. C18-5507-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1994.[1] He completed the eleventh grade of high school and has no past work. (AR 37, 62, 169.)

Plaintiff protectively filed an SSI application on February 3, 2015, alleging disability

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

beginning January 1, 2010. (AR 161.) His application was denied initially and on reconsideration.

On February 8, 2017, ALJ Rudolph Murgo held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 31-67.) On March 27, 2017, the ALJ issued a decision finding plaintiff not disabled since the February 3, 2015 application date. (AR 15-26.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on April 19, 2018 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's autism spectrum disorder, affective disorder, and anxiety disorder severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform a full range of work at all exertional levels, with simple, routine tasks, consistent with a specific vocational preparation level of one or two, no public contact, and superficial contact with

coworkers. Plaintiff had no past work to consider at step four.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as a janitor, hand packager, agricultural produce sorter, and motel/hotel housekeeper.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in evaluating the medical evidence, his testimony, lay evidence, and at step three, resulting in errors in the RFC and at step five. The Commissioner concedes errors in evaluating symptom testimony, the lay opinion of plaintiff's mother and the medical opinion of Lori J. Olsen, a psychiatric mental health nurse practitioner (PMHNP), error at step three, and resulting errors in the RFC and at step five. While plaintiff argues in favor of a remand for an award of benefits, the Commissioner asserts the need for further administrative proceedings.

## Remand Standard

The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). *Accord Leon v. Berryhill*, 874 F.3d 1130, 1044 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.")

Before remanding for an award of benefits, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must find the record has been fully developed and further administrative proceedings would serve no useful purpose. *Id*. In so doing, the Court considers the existence of outstanding issues that must be resolved before a disability determination can be made. *Id*. Third, with the first two conditions satisfied, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id.* (quoting *Garrison*, 759 F.3d at 1021). *Accord Leon*, 880 F.3d at 1045 ("When these first two conditions are satisfied, we then credit the discredited testimony as true for the purpose of determining whether, on the record as a whole, there is no doubt as to disability."); *Treichler*, 775 F.3d at 1101 (the Court asks whether the record leaves not the slightest uncertainty as to the outcome).

Even with satisfaction of the three requirements, the Court retains flexibility in determining the proper remedy. *Brown-Hunter*, 806 F.3d at 495. The Court may remand for further

proceedings where the record, considered as a whole, creates serious doubt as to whether a claimant is disabled. *Id*. If the record is uncertain and ambiguous as to disability, the matter is properly remanded for further proceedings. *Treichler*, 775 F.3d at 1105.

<u>Application of Remand Standard</u>

The parties here agree the ALJ failed to adequately address plaintiff's symptom testimony, step three, lay witness evidence from plaintiff's mother, and the January 26, 2017 opinion of PMHNP Olson. These errors necessitate remand.

The Court finds no error in the ALJ's consideration of evidence from Dr. John Deeney (AR 238-46) and family nurse practitioner (FNP) Heather Nash (AR 316-18, 323-25, 333-36). Dr. Deeney assessed plaintiff in January 2012, some three years before the February 3, 2015 onset date, and the ALJ reasonably found the content of his report consistent with some limitations, accounted for in RFC restrictions to simple tasks with no public contact and superficial coworker contact. (AR 20-21.) Nash provided treatment notes dated between January and May 2014, closer in time to the onset date, and reasonably construed by the ALJ to document improvement with medication and to contain mental status examination (MSE) findings supporting some limitations, accounted for in the RFC. (AR 21-22.) The ALJ likewise properly considered Individualized Education Program (IEP) documents and other records associated with plaintiff's education dated between January 2010 and February 2014. (AR 20-21, 234-37, 247-313.)

Nor did the ALJ err in considering opinions of non-examining State agency psychologists Drs. Edward Beaty and John Robinson, rendered in May and September 2015 respectively. (AR 75-77, 87-89.) Dr. Beaty found plaintiff capable of complex tasks with reasonable concentration, persistence, and pace, with interruptions when under unusual stress from social demands until anxiety is under better control; capable of superficial, task-oriented contact with a small group of

ORDER
PAGE - 5

coworkers; and able to adapt to simple changes in the work place and carry out simple goals and plans as directed by supervisors. (AR 75-77.) Dr. Johnson opined similarly, while adding plaintiff was capable of interacting more broadly via computer, as he does in activities of daily living, and would likely benefit from vocational rehabilitation "guidance toward initial suitable placement, due to youth, inexperience, and his uneven social profile." (AR 88.) The ALJ reasonably declined to assign weight to the statement as to vocational rehabilitation guidance because it did not offer a specific functional limitation and, rather, offered a vocational recommendation based on factors unrelated to plaintiff's impairments. (AR 23.) The ALJ otherwise reasonably assigned great weight to the opinions of Drs. Beaty and Johnson as accounting for some limitations in functioning and consistent with school records and MSEs, while finding the record as a whole more consistent with an ability to perform simple tasks, which better accounted for limiting effects of impairments and served to prevent additional stress.

The Court further finds both outstanding issues and questions raised as to disability necessitating further administrative proceedings. The record in this case is notably minimal, containing a small number of documents relating directly to medical treatment and few medical opinions. A significant portion of the record relates predominantly to plaintiff's education and predates the period at issue. Only three medical opinions fall within the relevant time period, the properly assessed opinions from Drs. Beatty and Johnson and the medical source statement completed by Olson.

As suggested by the Commissioner, the ALJ failed to satisfy his duty to develop the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered."; "Ambiguous evidence, or the ALJ's own finding that the record is

ORDER
PAGE - 6

inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'") (internal quotation marks and quoted sources omitted). The medical record does not adequately allow for proper evaluation of the evidence and is uncertain and ambiguous as to disability.

This conclusion does not, as plaintiff contends, present an improper post hoc rationalization. *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (court reviews ALJ's decision "based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citing, *inter alia, SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). The Court is not here tasked with considering whether or not the ALJ erred or the harmfulness of the error. *Cf. Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (a reviewing court is "'constrained to review the reasons the ALJ asserts'" and "'cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.'"; "Consequently, if the Commissioner's request that we dismiss the ALJ's error as harmless 'invites this Court to affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally, then we must decline.'") (quoted and cited sources omitted). The Court must instead determine whether plaintiff should be awarded disability benefits. As stated by the Ninth Circuit:

> The touchstone for an award of benefits is the existence of a disability, not the agency's legal error. To condition an award of benefits only on the existence of legal error by the ALJ would in many cases make "disability benefits . . . available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)."

*Brown-Hunter*, 806 F.3d at 495 (quoted sources omitted). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). As

ORDER
PAGE - 7

argued by the Commissioner, the scant medical evidence in this case does not suffice to substantiate plaintiff's claim of disability.

On remand, the ALJ should further develop the record by obtaining updated medical information and a consultative psychological examination by an acceptable medical source, and by contacting Olson for explanation and clarification as to the basis of her opinion. The ALJ should also consider obtaining testimony from a medical expert. The ALJ should reassess the evidence at step three, reevaluate plaintiff's symptom testimony and the lay testimony of his mother, reassess medical opinion evidence of record, and reconsider plaintiff's RFC and any conclusion at step five.

## **CONCLUSION**

For the reasons set forth above, this matter is REMANDED for further administrative proceedings.

DATED this 22nd day of April, 2019.

Mary Alice Theiler
United States Magistrate Judge