UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEEGAN M. GRACE,

                              Plaintiff,

     v.

ANDREW M. SAUL,
Commissioner of Social Security,[1]

                              Defendant.

CASE NO. C18-5507-MAT

ORDER RE: MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES

## INTRODUCTION

Plaintiff filed a motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Dkt. 19.) He requests $4,185.18 in fees and $9.90 in expenses. The Commissioner argues the fee request should be reduced by $571.90. (Dkt. 21.) Plaintiff did not submit a reply. The Court, for the reasons set forth below, concludes plaintiff's motion should be GRANTED in part and DENIED in part.

## DISCUSSION

Under the EAJA, the Court awards fees and expenses to a prevailing party in a suit against the government unless it concludes the position of the government was "substantially justified or

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant.

ORDER
PAGE - 1

that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Having secured a remand of this matter, plaintiff is the prevailing party. *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). The Commissioner concedes plaintiff's status as the prevailing party and entitlement to EAJA fees and expenses. The Commissioner objects to the total amount of fees requested given plaintiff's unsuccessful attempt to litigate for greater relief than was made in a settlement offer and ultimately granted by the Court.

The Court may award EAJA fees for attorney hours reasonably expended by plaintiff's counsel. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award. *Id*. at 434. The Court must also consider the results obtained when determining whether the fees requested by a prevailing party for an unsuccessful appeal are reasonable. *Atkins v. Apfel*, 154 F.3d 986, 986, 989 (9th Cir. 1998) (citing *Hensley*, 461 U.S. 424).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended[.]" *Hensley*, 461 U.S. at 437. "[T]the party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted).

In this case, plaintiff filed an opening brief on December 19, 2018. (Dkt. 10.) He asserted error in the evaluation of (1) the medical evidence, including opinion evidence from Lori Olson, PMHNP and the opinions of non-examining State agency psychological consultants; (2) his

ORDER
PAGE - 2

symptom testimony; (3) lay evidence; (4) step three; and (5) his residual functional capacity and the decision regarding the ability to perform other work.  He requested remand for an award of benefits or, in the alternative, further administrative proceedings.  On January 15, 2019, counsel for defendant filed an unopposed motion to amend the scheduling order.  (Dkt. 11.)  In an accompanying declaration, counsel stated the Social Security Administration had agreed to voluntarily remand this case for further administrative proceedings and that, on January 8, 2019, she sent counsel for plaintiff a proposed stipulated motion for remand.  (Dkt. 12, ¶4.)  The Court granted the motion to amend the scheduling order (Dkt. 13), allowing time for plaintiff to consider the proposal and for counsel for defendant to file a stipulated motion for remand or, absent settlement, an opposition brief (*see* Dkt. 12, ¶4).

Plaintiff did not accept the settlement offer and the Commissioner filed a brief requesting remand for further administrative proceedings.  (Dkt. 14.)  The Commissioner conceded error in the evaluation of symptom and lay testimony, step three, the opinion of PMHNP Olson, the RFC, and the determination regarding other work.  The Commissioner denied error in relation to the opinions of the non-examining doctors or other medical evidence, including evidence from Dr. John Deeney and Heather Nash, FNP.  The Commissioner argued the matter should be remanded for further administrative proceedings because outstanding issued remained and the record raised serious doubt that plaintiff was, in fact, disabled during the period at issue.  Plaintiff, in reply, continued to maintain all errors originally assigned and again argued in favor of a remand for an award of benefits or, alternatively, further administrative proceedings.  (Dkt. 15.)

The Court remanded the case for further administrative proceedings and, in so doing, issued a decision fully consistent with the Commissioner's position in the brief requesting a remand.  Specifically, the Court found the agreed errors to necessitate remand, no error in relation to Dr.

Deeney, FNP Nash, or the non-examining State agency psychological consultants, and found both outstanding issues and questions raised as to disability necessitating further proceedings. The Court found the record notably minimal, with only a small number of documents relating directly to medical treatment, few medical opinions, and a significant portion of the record relating predominantly to plaintiff's education and predating the period at issue. Only three medical opinions fell within the relevant time period, including the properly assessed opinions of the non-examining doctors and the medical source statement from PMHNP Olson.

The Court may consider settlement negotiations as a factor in determining a fee award. *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011). The Commissioner demonstrates plaintiff's failure to improve his position after filing the opening brief through documentation of a settlement offer made prior to the filing of a response brief and the Court's issuance of an Order of remand consistent with the terms of that offer.[2] Courts have found a reduction of fees warranted in similar circumstances. *See, e.g., Cook v. Berryhill*, No. 15-1891, 2017 U.S. Dist. LEXIS 177806 at *7-8 (D. Or. Sept. 6, 2017); *Register v. Colvin*, No. 15-8067, 2017 U.S. Dist. LEXIS 13971 at *6-8 (D. Ariz. Jan. 31, 2017). *Cf. Scott v. Berryhill*, No. C17-5349-RSM, 2018 U.S. Dist. LEXIS 42024 at *5-6 (W.D. Wash. Mar. 14, 2018) (finding no way to determine whether defendant filed a response brief prior to or after any settlement efforts were unsuccessful, including in either the response brief itself or in a declaration addressing the timing of settlement negotiations).

---

[2] The Commissioner documented the offer of settlement in the declaration accompanying the motion to amend the briefing schedule. (Dkt. 12.) While the declaration does not identify the details of the settlement offer, plaintiff did not submit a reply refuting the Commissioner's contention the response brief and the Court's Order was consistent with the proposed settlement terms. The Court also herein observes that the Commissioner filed the response to the motion for attorney fees two days after the filing deadline, without acknowledging or explaining the delay. (*See* Dkt. 21.) Again, however, plaintiff did not submit a reply objecting to the late filing. The Court finds it prudent to consider the Commissioner's response, while advising any future unexplained and unexcused late filings will not necessarily be considered.

ORDER
PAGE - 4

Considering the facts in this case, the Court finds the time spent on the reply brief opposing the settlement remand not reasonably expended and properly excluded from the fee award.

## CONCLUSION

Plaintiff's motion for EAJA fees (Dkt. 19) is GRANTED in part and DENIED in part. Plaintiff is awarded fees in the amount of $3,613.28 ($4,185.18 in attorney fees requested, less the $571.90 in fees incurred in relation to the reply brief) and $9.90 in expenses. The Clerk shall send copies of this Order to the parties.

DATED this 30th day of August, 2019.

Mary Alice Theiler
United States Magistrate Judge